Mr. Prescott, who just graduated from Washington University, he authored part of this brief, and I would ask him to sit at the Council's table, if nobody objects. Your Honor, my name is Christopher Scott Sawicki. I represent Mr. Williams as appointed counsel in this matter. This Court has asked me to look, or brief, the issue of prosecuting misconduct in this matter, and it's basically regarding some... In the District Court, he pled guilty at the trial court level to robbery, and during the course of those plea... During the course of his plea in the State Court, the prosecutor stated that they had DNA evidence that would link him to a cap that was found at the scene of the crime. Mr. Williams, through the State Court proceedings, never brought this issue up. He did not know of some documents that he found subsequently. And how did he find this? How I do not know, Your Honor. I have talked to Mr. Williams three to five times on the telephone, but as far as how he found the documents, I do not know. But I think that's a question for the District Court, because obviously I'm here for a remand, for the Court who dismissed his case for lack of reliability. That's a perfect answer for the District Court to say, how did you find these documents? Where did you get them? Because in essence, you have to ask yourself, why would the Police Department give up such damaging evidence? Because you also have to look, and Your Honor, Judge Loken, this is going to go directly to you, because I've read your concurring opinion in the Weeks case that we're going to talk about here. How you stated there's a paradox in how somebody can stand up in open court and say they plead guilty, and now all of a sudden, years later, they want to say they're not guilty. Well, I ask the same question, just the inverse. How does a prosecutor get up in open court and say I have DNA evidence as part of the factual basis for your plea when I don't have DNA evidence? So I think there's two sides to that coin, Your Honor, with all due respect. I've been practicing for 27 years. The first 10 years, I did substantial criminal work. And every day, people take plea agreements, strike that. I won't say every day, but I can say weekly. People take plea agreements when they're not guilty, based upon the length of time they're going to get. An example, somebody's looking at 5 to 25 years. They've been in jail for 2 years because they can't make bond. In my previous life, I get the prosecutor to agree to 5 years. I can tell that person, you'll be out in 9 months. I understand you're not guilty, but if we go to trial, you're not going to see your family for 25 years. So if I can promise you you're going to be out in 9 months, yeah. Is it a perfect situation? No. Can you survive 9 months? Yes. Can you survive 25 years? Do you want to see your family for 25 years? A completely different story. I'd like to get to the evidentiary hearing issue, because it seems to me that if you can't prevail on a need for a hearing, there isn't a basis to reverse otherwise. Both briefs ignore the Ed book. You emphasize the Parkas case. Parkas is A, a pre-Ed book, and B, a death penalty case. Like it or not, death penalty cases are different. So why do we have post-Ed book with its very stringent limitations on when a federal court should even authorize to order an evidentiary hearing in a state abuse case? It's not just procedural default analysis under pre-Ed book. It's a specific statute. I didn't see that address. So if you've got cases that are focused. I don't have cases you're not going to focus on. I believe that in this situation where I understand one case that we cited was a death penalty case, but the issue is still the same. They were told that in that case that there was some destruction of documents, and he later found out after he exhausted his state appeals that those documents weren't destroyed. Well, but the problem is he raised in the post-conviction, state post-conviction proceedings, what was an ineffective assistance claim relating to the plea process, and he didn't uncover the documents and make this argument. And there's a stringent diligence requirement that Congress has superimposed on federal abuse procedures. I don't – why is it – where's the sort of prima facie case that due diligence in pursuing the state post-conviction remedy would not, could not have uncovered this claim? Well, I think in this case particularly, Your Honor, Mr. Williams would have no idea that the prosecution failed to give him some Brady material. One might assume that if you're going to attack the plea, you would go seek discovery on the factual basis for the plea as stated in the hearing. Do you mean as far as – are you making an ineffective assistance counsel at the trial court level? No, I'm saying in pursuing an ineffective assistance state claim in state or federal court that's attacking the plea or failure to offer an opportunity to withdraw the plea, one would assume – one would go looking for what underlay the factual basis for the plea as stated by the prosecutor or whoever stated it. And that wasn't done here, and you don't know where these documents came from or why they came years after the fact. That seems to me that's a problem. Well, I think that's an issue that should have been granted at the district court level. Let's look at the – I mean, this isn't – No, no, no. This is the showing required to warrant a hearing in the district court. Your Honor, I understand that. But in the cases that were cited, and even in Mr. Logan's cases, they talked about some people withdrawing some testimony via affidavits. Mr. Williams produced documents from the St. Louis County Drug Lab that substantially contradicted the statements that the prosecutor stated at his plea of guilty. How he got those cases or how he got those documents is a question for the district court, though, because he's – this wasn't random. If you look at the Bracey case, there he just made general allegations that the judge was taking bribes at the time my case was being conducted, and therefore there's a chance that he was taking bribes during my case, and there was no evidence. Mr. Williams goes up above that. He produces third-party documents that stated that perhaps his basis of plea was based upon faulty information. And you also have, as my first analogy was given for a reason, he received the minimum sentence there. I understand that we say, hey, you don't plead guilty if you're not guilty. But sometimes if a prosecutor says I got DNA evidence and I can get the minimum sentence, why don't I take that? I get it. In these walls, we don't see that. But if I'm sitting in jail, I see that. The other half of the problem is that the state, at least the brief I haven't studied the records sufficiently, but apparently in the state PCR proceeding, the claim provoked the state to go back and get additional DNA, post-plea DNA evidence, that was consistent with the factual basis for the plea. Doesn't that destroy the prejudice showing that would be required for federal habeas relief? I believe it just shows a factual disparity between one report to the other. Well, but where's the prejudice? Where's the prejudice, Your Honor? Yeah. If the state would have produced that Brady material that said we don't have DNA, they said that there's two people who robbed the store. One was identified by eyewitness. The other one was, Mr. Williams, was identified through the DNA of the cap. There's a lot of prejudice there. And I go into court as a prosecutor and say I can prove that cap was yours by DNA. So maybe I'm missing my apologies. I guess, and I don't know if this is exactly what Judge Locum was asking, but what I'm concerned about is, okay, let's say you find some material and we'll put aside the reliability issue for the moment. That you believe is Brady and is exculpatory and should have been produced. You're now well past all deadlines for filing PCR and so on and so forth. What is the jurisdictional hook to get you into federal court as opposed to maybe going back to state court to get an evidentiary hearing on that issue? I would think it would be... I would have to think that Bracey would somewhat control that. From the perspective that he alleged specific facts that were contradicted at the trial court level in the state court. That's the best I can do. Good afternoon and may it please the Court. I'd like to start by first addressing Judge Locum's point about the evidentiary hearing. I'll grant you, when I went back to review my briefs to prepare for argument, this argument I realized my briefing on this issue was a little more confusing than it should have been. I direct your attention to pages 19 and 20 of my brief where I discuss Williams v. Taylor and Mark v. Bolt. Those set out the 2254E requirements to receive an evidentiary hearing in federal court when the petitioner has not set out the facts in state court. As Judge Locum correctly pointed out, the petitioner first has to show diligence, which is a reasonable attempt, in light of the information available at the time, to investigate and pursue his claims in state court before being entitled to an evidentiary hearing. Here, Mr. Williams filed his PCR claim, which alleged effective assistance counsel, in 2010. And he did not request the documents, which he now relies on, then. Then, in 2012, he raised a post-conviction DNA motion under Missouri law. And he did not request the DNA lab documents during that litigation. And then he's also filed multiple state petitions for habeas corpus, which were all summarily denied. And he never raised this specific claim or sought to find these documents from the crime lab. Until, apparently, 2014. Well, does it make a difference? If a person doesn't show due diligence in seeking documents that are exculpatory, that's one issue. Does it make a difference that, in this case, there was an allegation that the prosecutor affirmatively stated there were such documents, and they were inculpatory? Or they showed a match? Sorry, could you repeat the question? So, I mean, if a prosecutor stands up in open court in front of a judge and says, we have a DNA report, and it's a match to Mr. Williams. Yes. Are you then saying there's a lack of due diligence in not seeking that report to prove the prosecutor lying? I see what you're saying. I don't think that Mr. Williams has shown that that wasn't true. The collection, a handful collection of handwritten, unauthenticated, unsigned notes that he attached to his true verse in the district court does not show that anything that was stated on the record in his guilty plea sworn testimony at that point. It doesn't prove that any of that is false. Moreover, the follow-up DNA testing that was presented in court in Mr. Williams' post-conviction DNA litigation that Judge Logan brought up, that testing confirmed that Mr. Williams could not be excluded as a contributor to the DNA that was located on a hat at the crime scene. So the prosecutor's statements during the guilty plea weren't a lie. They were correct. And that leads directly into the second point of 2254E, the requirements for the evidentiary hearing, that the petitioner also has to provide evidence which would clear and convincing evidence that no fact finder would find them guilty beyond reasonable doubt. Well, I suppose the later testing doesn't show that the prosecutor was right. It doesn't show we have the evidence. It simply shows that the evidence was obtainable. Well, that's true. It doesn't conclusively prove that there was the first CODIS hit. And that's, let's be clear, that's what Mr. Williams is complaining about in his petition. He alleges that the police lied to him about a CODIS hit in a letter that was shown to him during his interrogation, and that without that CODIS hit, there was no factual basis to support his plea of guilty. Setting aside the other subsequent DNA testing which could not exclude him as a contributor, Mr. Williams, this CODIS hit was taken from DNA that was found on a hat at the crime scene. And Mr. Williams has always maintained that that hat is his hat. When he spoke to the detectives during his interview, the detectives asked him about the hat. He said that it was his hat, but he purported to claim that his co-defendant, Mark Leachman, had stolen the hat from him and left the hat at the crime scene. That's what he's always claimed. In the district court, he never changed that claim. He's always maintained that the hat is his hat. So this CODIS hit that he claims was a lie actually is not necessary to link Mr. Williams to the crime scene because he already admits that the piece of clothing that links him to the crime scene is his clothing. So there's no showing. I mean, setting aside the diligence, there's no showing of the second part of 2254E, the no reasonable fact finder requirement. Did the habeas petition make clear what the remedy being sought was? You know, I don't recall off the top of my head. I imagine he was requesting his sentence be vacated. Obviously, the appropriate remedy would be to vacate for a new trial. I would think he couldn't get more than withdrawal of the plea. Yes, that's what I meant, Your Honor. That he would be seeking to withdraw his guilty plea. And the state would have to assign it to one as a retrial. Yes, that's correct. Well, but to get withdrawal of the plea, there's a heavy standard for that. That's true, and he would have to show that his plea was unknowing and involuntary. And that he would not have pled. Right. If he had known the true state of affairs. Exactly, and here he was represented by counsel at Leptu, and during his guilty plea, he demonstrated that he understood the charges against him, the nature of the charges against him, and he understood all the rights that he was waiving by pleading guilty. The record of his guilty plea is clear on all that. So he hasn't shown that it was unknowing or involuntary. He was just attacking the factual basis for the guilty plea. Which, I mean, during the plea, the prosecutor stated what the facts were, and Williams agreed that all those facts were substantially true. Well, I suppose you subtract that aspect, that part of the factual basis, and then make a judgment based on argument and so forth, as to whether with that missing, is it more likely than not that he would have withdrawn the plea? Knowing that, I mean, the factual basis that Leachman was going to testify, I think that was the factual basis. Yes. That's not being challenged. No, it's not. Well, he has challenged that in the past, but he wasn't challenging that up to his guilty plea. Mark Leachman did identify him as a co-defendant prior to his guilty plea. Yeah, and has since tried to persist. Yes, yes. But yes, even setting aside that bit of evidence, everything else, I mean, everything else remains the same. And if we take into account the later DNA testing, which is what prosecution would normally do in a case like this, they wouldn't just rely on a CODIS hit that was really an investigatory lead. They would follow up and continue to have the DNA tested, which is what happened here. And it couldn't exclude him as a contributor to the DNA. So really, the weight of the evidence against Mr. Williams remains the same, even if all of his allegations about this CODIS hit were true. Now, I'd briefly like to mention that all of Mr. Williams' claims were also disputed, barred for his failure to raise them in state court. And he did not make a sufficient showing of actual innocence or of cause and prejudice, as we've already been discussing. And finally, there was also the issue of Mr. Williams' timeliness of his petition. If you take into account all of the time since he pled guilty and told all of his post-conviction motions, his petition is well outside the one-year statute of limitations provided for by AEDPA. He alleged, at least I'm thinking from the record, he alleged that he didn't discover these documents in time to file it timely. But he's provided no credible evidence of the date that he located these documents. He made no attempts to tell the district court how he found the documents or when he found the documents. And he hasn't attempted to tell this court when he found the documents either. Apparently, we just don't know when or how. And without any credible evidence of the date that he found the evidence he's now relying on, he cannot meet the 2244 exception to the timeliness bar. The appellee didn't raise this issue in the court below. And that was an inadvertent error. This court has previously held in Sasser v. Norris that it doesn't have discretion to enforce a timeliness bar when it wasn't raised below. But the Supreme Court, later on and with the milliard, decided that, yes, appellate courts do have discretion to decide this as a bar when the failure to raise it was only inadvertent. The facts in milliard suggested that the failure to raise it wasn't inadvertent because the state had actually addressed the timeliness issue and had directed the district court away from it. But here, there was no discussion of timeliness in the state's response to the petition. It was just an inadvertent error that was left out of the record. There are no further questions. Is William still in prison? I acknowledge he is. Thank you.